IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

| | |
|---|---|
| HORACE MANN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>JUDY WALTON BARNEY<br><br>Serve: 311 White Oak Drive<br>Pennington Gap, VA 24277<br>(Lee County, Virginia)<br><br>and<br><br>JOSHUA HOWARD GOINS<br><br>Serve: 247 Summit Ave., Lot 114<br>Pennington Gap, VA 24277<br>(Lee County, Virginia)<br><br>Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Horace Mann Insurance Company ("Horace Mann"), by counsel, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, as its Complaint for Declaratory Judgment states the following:

### NATURE OF THE CASE

1. This is an action for declaratory judgment in which Horace Mann seeks a determination of the rights, duties, status and other legal relations and obligations, if any, of the parties hereto under an Educators Employment Liability Policy of insurance (Policy Number 45-006045) (referred to hereafter as "the Policy") in effect during the period September 1, 1984 to September 1, 1985, which was issued by Horace Mann. A true and accurate copy of the Policy

is attached to this Complaint as **Exhibit 1**.

2. An actual, justiciable controversy exists among the parties regarding their respective rights, duties, status and other legal relations and obligations, if any, under the terms and conditions of the Policy.

3. Specifically, Horace Mann seeks a declaratory judgment as to whether it is obligated under the provisions of the Policy to provide liability coverage (including a defense and indemnity) to Defendant Judy Walton Barney in connection with a civil action now pending in the Circuit Court for Lee County, Virginia, captioned *Joshua Howard Goins v. Judy Walton Barney*, Case Number CL13050112 (referred to hereafter as "the Underlying Lawsuit"). True and accurate copies of the Complaint and the Amended Complaint filed in the Underlying Lawsuit are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the plaintiff and each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically:

- Diversity of citizenship: Horace Mann is an Illinois corporation with its principal place of business in Springfield, Illinois, and therefore a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1). Defendants Judy Walton Barney and Joshua Howard Goins are both individual residents, domiciliaries and citizens of Virginia.

- Amount in controversy: The Underlying Lawsuit demands compensatory damages of $500,000, plus punitive damages of $350,000. The "Coverage A – Educators Liability" Limit of Liability of the Policy (if it applies) is $1,000,000.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The Western

District of Virginia, Big Stone Gap Division is a judicial district and division in which: (i) a substantial part of the events or omissions giving rise to this declaratory judgment action occurred; (ii) the Underlying Lawsuit is pending; and (iii) all defendants reside and are subject to the Court's personal jurisdiction with respect to this declaratory judgment action.

## PARTIES

6. Plaintiff Horace Mann Insurance Company ("Horace Mann") is an Illinois corporation with its principal place of business in Springfield, Illinois, and a citizen of the State of Illinois. Horace Mann issued the Educators Employment Liability Policy of insurance (Policy Number 15-006015) which is the subject of this action.

7. Defendant Judy Walton Barney ("Barney") is an individual resident, domiciliary and citizen of Virginia. Barney is the defendant in the Underlying Lawsuit, and has demanded that Horace Mann provide her with liability coverage (including a defense and indemnity) under the Policy against the claims alleged in the Underlying Lawsuit.

8. Defendant Joshua Howard Goins ("Goins") is an individual resident, domiciliary and citizen of Virginia. Goins is the plaintiff in the Underlying Lawsuit, and has been joined as a party to this declaratory judgment action to the extent his rights or interests may be affected.

## FACTS

9. On or about May 20, 2013, Goins initiated the Underlying Lawsuit against Barney with the filing of a Complaint in the Circuit Court of Lee County, Virginia, captioned *Joshua Howard Goins v. Judy Walton Barney*, Case Number CL13050112. A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit 2**.

10. On or about February 18, 2014, Goins filed an Amended Complaint in the Underlying Lawsuit. A true and accurate copy of the Amended Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit 3**.

3

11. The Underlying Lawsuit alleges that (i) Goins, "during the 1984-1985 school year, then a minor child, attended Dryden Primary School, Lee County, Virginia"; (ii) Barney, "during the 1984-1985 school year, was employed by the Lee County Public School System ... as a fourth grade instructor at Dryden Primary School, Lee County, Virginia"; (iii) "on or about November 1, 1984, [Goins], then a minor child, remained at school following conclusion of the school day as a result of extracurricular activities" and "while awaiting transportation home, [Barney] encouraged [Goins] to sit on her lap" and after Goins was "seated on [Barney's] lap, [Barney] removed [Goins'] trousers and underpants exposing his genitals" and "began to manually stimulate [Goins'] genitals" and "continued said inappropriate touching for a period of time between fifteen and twenty minutes"; (iv) "on or about July 1, 1985", when Goins, "then a minor child, encountered [Barney] on the grounds of the Lee County Public Library located in Pennington Gap, Virginia", Barney "requested that [Goins] enter her automobile" and after they "conversed for a period of time inside the automobile ... [Barney] then removed her clothing and displayed her breasts to [Goins] ... [and] subsequently removed [Goins'] trousers and underpants exposing his genitals ... [and] thereafter orally stimulated [Goins'] genitals"; (v) Goins, "then a minor child was unable, due to his minority, to consent to either instance of sexual touching and [Goins] found the contact made on his person by [Barney] to be harmful and offensive to [Goins'] person and dignity." (Exhibit 3, Amended Complaint at ¶¶ 4-8).

12. The Underlying Lawsuit is alleged in four (4) counts. (Exhibit 3, Amended Complaint at pp. 2-4).

13. Count I of the Amended Complaint filed in the Underlying Lawsuit, entitled "Sexual Battery", alleges that (i) Barney's "actions constituted sexual battery upon [Goins]"; (ii) Barney's "actions were intentional, willful and malicious"; and (iii) "[a]s a direct and proximate result of [Barney's] intentional conduct, [Goins] was injured and damaged." (Exhibit 3,

4

Amended Complaint at ¶¶ 10-12).

14. Count II of the Amended Complaint filed in the Underlying Lawsuit, entitled "Assault and Battery", alleges that (i) Barney "intended to cause, and did cause, [Goins] to suffer apprehension of an immediate harmful contact prior to the inappropriate touching and resulting injuries" and Barney "intended to cause, and did cause, harmful and offensive contact to [Goins] by touching [Goins'] genitals and causing [Goins'] resulting injuries"; and (ii) "[a]s a direct and proximate result of [Barney's] intentional conduct, [Goins] was injured and damaged." (Exhibit 3, Amended Complaint at ¶¶ 14-15).

15. Count III of the Amended Complaint filed in the Underlying Lawsuit, entitled "Intentional Infliction of Emotional Distress", alleges that (i) Goins "became highly frightened and upset by [Barney's] outrageous conduct and [Barney's] intentional and outrageous conduct toward [Goins] was intolerable in offending generally accepted standards of decency and morality"; (ii) "[a]s a direct and proximate result of the outrageous and intolerable conduct of [Barney] as alleged above, [Goins] suffered severe emotional distress and mental pain and anguish, and was rendered highly nervous, frightened, and upset ... [and] has endured bouts of depression and anger as well as substance abuse ... [and] has been unable to maintain intimate relationships with the opposite sex ... [and] has displayed a lack of trust for female authority figures ... [and] has demonstrated a drastic change in demeanor ... [and] as a parent to a minor child, maintains acute mistrust of those maintaining guardianship roles over his minor child"; and (iii) "[a]s a direct and proximate result of [Barney's] intentional conduct, [Goins] was injured and damaged." (Exhibit 3, Amended Complaint at ¶¶ 17-19).

16. Count IV of the Amended Complaint filed in the Underlying Lawsuit, entitled "False Imprisonment", alleges that (i) Barney's "willful and intentional acts precluded and confined [Goins] from contacting others, or otherwise, securing his safety from the unlawful and

5

criminal acts of [Barney]"; (ii) Barney, "as a custodian and teacher, confined [Goins] with the intent of endangering his health and safety and to achieve an unlawful purpose all of which exceeded her scope of authority"; and (iii) "[a]s a direct and proximate result of [Barney's] intentional conduct, [Goins] was injured and damaged." (Exhibit 3, Amended Complaint at ¶¶ 21-23).

17. Barney has tendered a copy of the Complaint and the Amended Complaint filed in the Underlying Lawsuit to Horace Mann, and has demanded that Horace Mann provide her with liability coverage (including a defense and indemnity) under the Policy against the claims alleged in the Underlying Lawsuit. Horace Mann has agreed to provide Barney with a defense in the Underlying Lawsuit, subject to a full reservation of Horace Mann's right to disclaim or deny coverage under the terms and provisions of the Policy.

18. An actual, justiciable controversy exists among the parties as to whether Horace Mann is obligated under the provisions of the Policy to provide Educators Liability Coverage (including a defense and indemnity) to Barney for her alleged liability to Goins in the Underlying Lawsuit.

## COUNT I
### (Request For Declaratory Relief)

19. The allegations set forth in paragraphs 1 through 18 above are hereby re-alleged and incorporated by reference as if fully set forth herein.

20. The subject Policy issued by Horace Mann was in effect during the period September 1, 1984 to September 1, 1985, (*see* Exhibit 1, Policy Declarations), and at all relevant times provided the following coverages and limits of liability:

COVERAGES AND LIMITS OF LIABILITY

Coverage A – Educators Liability
  $1,000,000 per occurrence (other than civil rights issues]

6

Case 2:17-cv-00016-JPJ-PMS   Document 1   Filed 06/08/17   Page 6 of 10   Pageid#: 6

    $250,000 per occurrence (civil rights issues)

  Coverage B – Reimbursement of Attorney Fees for Defense of Criminal Proceeding
    $25,000 per Criminal Proceeding

  Coverage C – Bail Bond
    $1,000 per bond

  Coverage D – Assault-Related Personal Property Damage
    $250 per assault

(Exhibit 1, Policy Declarations).

  21.  The Policy's Insuring Agreement provides that Horace Mann "agrees to provide the *Insured*, as defined in Section II(G) below, with the coverages shown on the Declarations page in return for the payment of the premium, and subject to the limits of liability, exclusions, conditions and all other terms of the policy." (Exhibit 1, Policy at Section I, Insuring Agreements).

  22.  The Policy defines an "*Insured*" as "either: 1. A member of the *participating unit* named in the Declarations page, who is employed by a school board, board of trustees or other similar governing body of an *educational unit*, or 2. The natural person named in the Declarations page who is employed by a school board, board of trustees or other similar governing body of an *educational unit*." (Exhibit 1, Policy at Section II, Definitions).

  23.  The Coverages section of the Policy provides in pertinent part:

In this section the Company indicates the coverages provided subject to the exclusions, conditions, limits of liability and other terms of this policy.

- A. EDUCATORS LIABILITY. The Company agrees to pay all damages which the *insured* shall become legally obligated to pay as a result of any claim arising out of an *occurrence* in the course of the *insured's educational employment activities*, and caused by any acts or omissions of the *insured* or any other person for whose acts the *insured* is legally liable, not to exceed the limit of liability stated in the Declarations for this coverage.

(Exhibit 1, Policy at Section III, Coverages).

7

24. The Policy defines an *"occurrence"* as follows: "The term *"Occurrence"* means an event which results in damages to someone other than the *Insured*. An *occurrence* can involve a single sudden event or the continuous or repeated exposure to conditions. If the latter, the exposure shall constitute a single *occurrence* and shall be deemed to have *occurred* as of the most recent exposure to said conditions." (Exhibit 1, Policy at Section II, Definitions).

25. The Policy defines an *"educational employment activities"* as follows: "The term *"Educational Employment Activities"* means the activities of the *Insured* performed: 1. Pursuant, to the express or implied terms of his/her employment by an *educational unit*, or 2. At the express request or with the express approval of his/her supervisor, provided that, at the time of such request or approval, the supervisor was performing what would appear to be his/her *educational employment activities* within the meaning of Section II(D)(1)." (Exhibit 1, Policy at Section II, Definitions).

26. The Policy, in pertinent part, contains the following Exclusions:

VII. EXCLUSIONS

B.  CIVIL SUITS ARISING FROM CRIMINAL ACTS. Section III(A) of the policy does not apply to any civil suit arising out of an act, other than *corporal punishment*, which has been held by a court to constitute a crime.

I.  INTENTIONAL DAMAGES. Section III(A) of the policy does not apply to *occurrences* involving damages which are the intended consequence of action taken by or at the direction of the *insured*, unless the action involves *corporal punishment*.

(Exhibit 1, Policy at Section VII, Exclusions).

27. The Underlying Lawsuit does not allege that Barney is legally obligated to pay damages "as a result of any claim arising out of an *occurrence* in the course of the *insured's educational employment activities*" as those terms are defined by the Policy. Consequently, the Policy does not provide Educators Liability Coverage for any of the claims alleged in the

8

Underlying Lawsuit.

28. Educators Liability Coverage for Barney's alleged liability to Goins in the Underlying Lawsuit is excluded by the above-referenced Policy Exclusion for "Intentional Damages" insofar as the Underlying Lawsuit alleges "*occurrences* involving damages which are the intended consequence of action taken by or at the direction of the *insured*, ..."

29. Based on the "Eight Corners" of the Policy and the Amended Complaint filed in the Underlying Lawsuit, Horace Mann is entitled to a declaration that is has no duty or obligation under the provisions of the Policy to provide Educators Liability Coverage (including a defense and indemnity) to Barney for any of the claims alleged in the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Horace Mann Insurance Company prays that this Honorable Court grant Horace Mann the requested declaratory relief and enter an Order which:

(a) declares the rights, duties, status and other legal relations and obligations, if any, of the parties under the subject Educators Employment Liability Policy of insurance (Policy Number 45-006045) in effect during the period September 1, 1984 to September 1, 1985;

(b) declares that the Underlying Lawsuit does not allege that Barney is legally obligated to pay damages "as a result of any claim arising out of an *occurrence* in the course of the *insured's educational employment activities*" as those terms are defined by the Policy, and therefore the Policy does not provide Educators Liability Coverage for any of the claims alleged in the Underlying Lawsuit;

(c) declares that Educators Liability Coverage for Barney's alleged liability to Goins in the Underlying Lawsuit is excluded by the above-referenced Policy Exclusion for "Intentional Damages" insofar as the Underlying Lawsuit alleges "*occurrences* involving damages which are the intended consequence of action taken by or at the direction of the

9

*insured, ..."*

(d) declares that Horace Mann has no duty or obligation under the provisions of the Policy to provide Educators Liability Coverage (including a defense and indemnity) to Barney for any of the claims alleged in the Underlying Lawsuit; and

(e) awards Horace Mann its costs incurred in this action.

Respectfully submitted,

HORACE MANN INSURANCE COMPANY

By:   /s/
Theodore I. Brenner, Esq. (VSB 17815)
Alexander S. de Witt, Esq. (VSB 42708)
FREEBORN & PETERS LLP
411 East Franklin Street, Suite 200
Richmond, Virginia 23219
Phone: (804) 644-1300
Fax: (804) 644-1354
Email  tbrenner@freeborn.com
        adewitt@freeborn.com