# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **HORACE MANN INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | Case No. 2:17CV00016 |
| v. ) ) | **OPINION AND ORDER** |
| **JUDY WALTON BARNEY, ET AL.,** ) ) | By: James P. Jones<br>United States District Judge |
| Defendants. ) | |

*Theodore I. Brenner and Alexander S. de Witt, Freeborn & Peters LLP, Richmond, Virginia, for Plaintiff; David L. Scyphers, Scyphers & Austin, P.C., Abingdon, Virginia, for Defendant Judy Walton Barney.*

In this declaratory judgment action, the plaintiff insurance company seeks a ruling that it has no obligation under the terms of its liability insurance policy to defend or indemnify an insured school teacher accused of the sexual abuse of a child she taught. Based on the factual allegations of the claim, and the language of the policy, I agree, and will grant the insurance company's Motion for Summary Judgment.

I.

In 2013, Joshua Howard Goins, then 38 years old, filed suit for damages in state court against his Fourth Grade teacher, Judy Walton Barney, claiming that she had sexually abused him on two occasions, once in 1984 and again in 1985.

According to the allegations of Goins' lawsuit (the "Underlying Action"), including his deposition taken in the course of that case, the first occasion had been in the fall of 1984, when he was nine years old. Goins testified that he had stayed at school after class ended to practice for a 4-H Club event in which he and other club members were to perform. After the practice, while he was waiting for his parents to pick him up, he "ended up" alone with his teacher, Judy Barney, in a classroom, "sitting in her lap." Mem. Supp. Mot. Summ. J. Ex. 4, Goins Dep. 181, ECF No. 17-4. Barney then proceeded to remove Goins' trousers and underpants and "manually stimulate [his] genitals." Compl. Ex. 3, Am. Bill of Compl. Circuit Court for Lee Cty., Va., Case No. CL13050112-00, at ¶ 6, ECF No. 1-5.

The second occasion was in an afternoon of the next summer, after school had ended for the year and Goins had finished the Fourth Grade. It is alleged that Goins met Barney near the town library and sat in her vehicle while she performed oral sex on him. *Id.* at ¶ 7.[1]

The plaintiff in the present case, Horace Mann Insurance Company (the "Insurance Company") issued an Educators Employment Liability Policy (the "Policy") to the Virginia Education Association covering all of its members for the years in question. The Insurance Company does not dispute that Barney is an

---

[1] Barney was deposed in this case, but upon advice of counsel relied upon her Fifth Amendment privilege and refused to answer any pertinent questions. Mem. Supp. Mot. Summ. J. Ex. 5, Barney Dep. 19-21, ECF No. 17-5.

insured under the Policy; rather it contends that the claims made by Goins are not covered either by the scope of the Policy's coverage or by one of its exclusions.

The Insurance Company primarily relies on the coverage language of the Policy, which provides that "[t]he Company agrees to pay all damages which the Insured shall become legally obligated to pay as a result of any claim arising out of an occurrence in the course of the Insured's educational employment activities." Compl. Ex. 1, Policy § III.A., ECF No. 1-3 (italics omitted). The term "educational employment activities" is defined in the Policy as "the activities of the Insured performed . . . [p]ursuant to the express or implied terms of his/her employment by an educational unit." *Id.* at § II.D.1 (italics omitted). In addition, the Insurance Company relies on a provision of the Policy that excludes "occurrences involving damages which are the intended consequences of action taken by or at the direction of the Insured, unless the action involves corporal punishment." *Id.* at § VII.I (italics omitted).

The Insurance Company's Motion for Summary Judgment has been fully briefed and is ripe for decision.[2]

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process. Goins, the plaintiff in the Underlying Action, was also named and served in this case, but did not appear or defend and is in default. Clerk's Entry of Default, Sept. 28, 2017, ECF No. 9.

II.

The court is required to grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on motions for summary judgment, the court must, "view the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Kolbe v. Hogan*, 849 F.3d 114, 130 (4th Cir. 2017).[3] The party seeking summary judgment bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, the party opposing summary judgment must nevertheless "properly address [the movant]'s assertion of fact" in order to proceed to trial. Fed. R. Civ. P. 56(e).

Because this is a diversity case,[4] Virginia substantive law, including Virginia choice-of-law rules, applies. *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) ("A federal court hearing a diversity claim must apply the choice-of-law rules of the state in which it sits."). In Virginia, "the law of the place where an insurance contract is written and delivered controls issues as

---

[3] I have omitted internal quotation marks, alterations, and citations from case quotations throughout this opinion, unless otherwise noted.

[4] Subject-matter jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. 28 U.S.C. § 1332(a). The declaratory judgment remedy sought is afforded by 28 U.S.C. § 2201.

to its coverage." *Buchanan v. Doe*, 431 S.E.2d 289, 291 (Va. 1993). It is undisputed that the insurance policy was issued in Virginia. The parties accordingly agree that Virginia substantive law controls this case.

Virginia law is settled that insurance policies are to be constructed in line with the intent of the parties involved, as exhibited by the terms the parties have used, provided the policy does not transgress statutory requirements and is not antithetical to public policy interests. *Nat'l Hous. Bldg. Corp. v. Acordia of Va. Ins. Agency,* 591 S.E.2d 88, 90-91 (Va. 2004). If the terms used in the policy are unambiguous, they are to be taken in their ordinary meaning. *Craig v. Dye,* 526 S.E.2d 9, 11 (Va. 2000). Policy language may be ambiguous where it can reasonably have more than one meaning given its context. *Salzi v. Va. Farm Bureau Mut. Ins. Co.,* 556 S.E.2d 758, 760 (Va. 2002). Such ambiguities are to be resolved against the insurer and in favor of coverage. *Gov't Emps. Ins. Co. v. Moore,* 580 S.E.2d 823, 828 (Va. 2003). Similarly, reasonable exclusions to coverage, when stated in the policy in clear and unambiguous language that is clearly applicable to a specific situation at hand, will be enforced. *Transcon. Ins. Co. v. RBMW, Inc.,* 551 S.E.2d 313, 318 (Va. 2001). Where exclusionary provisions are ambiguous, they will be interpreted in a manner that provides coverage to the insured. *Lower Chesapeake Assocs. v. Valley Forge Ins. Co.,* 532 S.E.2d 325, 331-32 (Va. 2000).

The Policy requires the Insurance Company to defend any civil suit against the insured seeking damages that are payable under the Policy. Compl. Ex. 1, Policy § III.A.1. In Virginia, an insurer's duty to defend is broader than its duty to indemnify, meaning that an insurer may be obligated to mount a defense on behalf of its insured, even if facts later brought to light indicate that there is no duty to indemnify. *See Fuisz v. Selective Ins. Co. of Am.,* 61 F.3d 238, 242 (4th Cir. 1995). A duty to defend arises where "the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." *Lerner v. Gen. Ins. Co. of Am.,* 245 S.E.2d 249, 251 (Va. 1978). However, where the record is clear that an insurer is excused from providing coverage under the provisions of its policy for any possible judgment based on the allegations, no duty to defend may be found. *Town Crier, Inc. v. Hume,* 721 F. Supp. 99, 102 (E.D. Va. 1989).

The Insurance Company contends that the conduct of the insured as alleged in the Underlying Action clearly did not arise from her "educational employment activities," but from her own purely personal motivations. The Insurance Company also asserts that coverage is excluded because the alleged conduct by the insured involved intentional damages, under the principle that an insured's intent to injure is inferred from the insured's sexually abusive conduct. On the other

hand, Barney argues that at the least, there is coverage based upon the allegation that the first alleged sexual abuse of Goins occurred on school premises.

There appears to be no Virginia precedent squarely on point. Under those circumstances, the court must predict how the highest court of that state would rule if presented with the issue. *See Brendle v. Gen. Tire & Rubber Co.,* 505 F.2d 243, 245 (4th Cir. 1974). To do so, the holdings in other states are relevant considerations. *See St. Paul Fire & Marine Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.,* 365 F.3d 263, 272 (4th Cir. 2004).

As the Insurance Company has pointed out, the general rule is that sexual abuse by a teacher is not within the liability insurance coverage of "educational employment activities." *See* David S. Florig, *Insurance Coverage for Sexual Abuse or Molestation,* 30 Tort & Ins. L.J. 699, 735-36 (1995). This not surprising, in light of the words used to describe the coverage. As stated by one court, in a case in which a third-grade teacher sexually abused one of his pupils and claimed coverage under a similar policy,

> [I]n our view the plain language of the policy requires, at the very least, that an insured event occur while the teacher is engaged in an activity which is reasonably related to the goal of educating children. This conclusion is suggested not only by the language of the insuring clause and the applicable definitions, which, as we have seen, restrict coverage to activities performed pursuant to the terms of the teacher's employment, but by the very name of the policy — "Educators Employment Liability Policy." Given its terms and its title we do not believe a reasonable insured could expect that exclusively personal pursuits would be protected by the policy. . . . [W]e cannot fathom a

more personal activity less related to the goal of education than [the teacher's] acts. Accordingly we must affirm the trial court's judgment.

*Horace Mann Ins. Co. v. Analisa N.*, 214 Cal. App. 3d 850, 856 (Cal. Ct. App. 1989).

While Barney argues that one of the alleged acts of molestation occurred in a classroom, it is still pellucid that the conduct was not related to the goal of education. *See Goodman v. Horace Mann Ins. Co.*, 100 S.W.3d 769, 773-74 (Ky. Ct. App. 2003) (holding that there was no coverage under educator's policy where underlying suit alleged that teacher sexually molested three students during shop class).

I find that if called upon to do so, Virginia's highest court would interpret the "educational employment activities" language of the Policy to preclude coverage of the allegations against the insured contained in the Underlying Action. Accordingly, I will grant the Insurance Company's Motion for Summary Judgment. While it is likely that the intentional damages exclusion also applies to deny coverage, *see A.S. v. Horace Mann Ins. Co.*, No. CV-12-S-271-NE, 2013 WL 3381378, at *6 (N.D. Ala. July 8, 2013), it is not necessary for me to decide that issue.

III.

For the reasons stated, it is **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment, ECF No. 16, is GRANTED; and

2. The court declares that the Insurance Company has no duty under the Policy to defend or indemnify Judy Walton Barney based upon the allegations of the Underlying Action.

A final judgment will be entered forthwith.

ENTER: April 10, 2018

/s/ James P. Jones
United States District Judge